Filed 1/10/25  P. v. Tran CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HOANG HAY TRAN,<br><br>    Defendant and Appellant. | H050319<br>(Santa Clara County<br> Super. Ct. No. C2007954) |

Defendant Hoang Hay Tran appeals from a judgment convicting him of fourteen counts of child sexual abuse.  Tran contends that the trial court erred in instructing the jury concerning Child Sexual Abuse Accommodation Syndrome (CSAAS).  He also contends that a minute order concerning his sentence is erroneous.  For the reasons explained below, we affirm the judgment but order correction of the minute order.

## I. BACKGROUND

Tran was charged by information with three counts of aggravated sexual assault (by oral copulation) of a child under 14 years of age in violation of Penal Code[1] section 269, subdivision (a)(4), 10 counts of lewd conduct with a child under 14 years of age in violation of section 288, subdivision (a), and one count of attempted rape of a child under 14 years of age in violation of section 261, subdivision (a)(2), section 269,

_____

[1]  Subsequent undesignated statutory references are to the Penal Code.

subdivision (a)(1), and section 664.  The information also alleged that Tran committed sexual offenses against multiple victims in violation of section 667.61, subdivisions (b) and (e).

In March 2022, Tran's case went to trial.  The prosecutor presented testimony from three adult woman—Ngan Doe, Han Doe, and Hang Doe—who testified that Tran abused them when they were children.  Ngan Doe testified that Tran, who was a family friend, abused her in various ways from 2004 to 2006 and 2009 to 2013.  Ngan Doe's younger sister, Han Doe, testified that Tran abused her and her sister in various ways from 2009 to 2016.  Another, unrelated woman, Hang Doe, testified that Tran, who was a friend of her family, abused her in various ways from 2005 to 2009 and at one time attempted to have intercourse with her.

Ngan Doe testified as well that in 2013 she told her grandmother that Tran had touched her.  However, the grandmother told Ngan to forget the incident, and neither Ngan nor her sister Han disclosed Tran's abuse to another adult until 2021 when Ngan Doe learned about an aggressive confrontation between Tran and her sister's boyfriend.

The prosecutor also presented testimony from Dr. Blake Carmichael, a clinical psychologist, who was qualified as an expert in CSAAS.  Dr. Carmichael testified that CSAAS is used, not to determine whether a child has been abused, but rather to educate how children who have been sexually abused tend to act.  In particular, he testified that CSAAS has several components, including secrecy, helplessness, and "[d]elayed, unconvincing, and conflicted disclosure."

Tran testified in his own defense, and he presented testimony from his daughter, who had been a close friend of Han Doe.

On March 30, 2022, the jury found Tran guilty on all 14 counts charged and found all allegations true.  On August 19, 2022, the trial court sentenced Tran to a determinate term of seven years on the attempted rape count and 15 years to life on each of the remining counts, with four of the counts consecutive to the initial count and the others

2

concurrent, for a total indeterminate term of 75 years to life consecutive to a determinate term of 7 years.  On August 24, 2022, Tran filed a timely notice of appeal.

## II.  DISCUSSION

### A.  The CSAAS Instruction

Tran contends that the trial court erred in instructing the jury on CSAAS evidence. Although the trial court used CALCRIM No. 1193, the standard instruction concerning CSAAS, Tran argues that the instruction is erroneous because it "fails to affirmatively state that the evidence may not be 'used to determine whether the victims' molestation claims are true.' "  Although Tran did not object to the instruction at trial, we nonetheless consider this objection because Tran contends that the instruction was erroneous and affected substantial rights.  (*People v. Gomez* (2018) 6 Cal.5th 243, 312; *People v. Grandberry* (2019) 35 Cal.App.5th 599, 604.)  Reviewing Tran's challenge to the CSAAS instruction de novo (*People v. Mitchell* (2019) 7 Cal.5th 561, 579), we conclude that there was no error.

"The purpose of CSAAS is to understand a child's reactions when they have been abused."  (*People v. Gonzales* (2017) 16 Cal.App.5th 494, 504 (*Gonzales*).)  CSAAS explains " 'the emotional antecedents of abused children's seemingly self-impeaching behavior,' " including "delay in reporting."  (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300-1301 (*McAlpin*).)  Accordingly, "[w]hile CSAAS evidence is not relevant to prove the alleged sexual abuse occurred, it is well established in California law CSAAS evidence is relevant for the limited purpose of evaluating the credibility of an alleged child victim of sexual abuse."  (*People v. Lapenias* (2021) 67 Cal.App.5th 162, 171 (*Lapenias*).)  The Supreme Court therefore has held CSAAS evidence admissible to disabuse jurors of commonly held misconceptions about child sexual abuse.  (*McAlpin*, *supra*, 53 Cal.3d at pp. 1301-1302.)

In keeping with these principles, CALCRIM No. 1193, the Judicial Council's standard instruction on CSAAS evidence, states that CSAAS testimony is "not evidence

3

that the defendant committed any of the crimes charges against him," but may be considered "only" in determining whether a witness' conduct was "not inconsistent" with having been abused. (CALCRIM No. 1193 (2024 ed.).) Adapting the instruction to this case, the trial court instructed the jury: "You have heard testimony from Dr. Blake Carmichael regarding child sexual abuse accommodation syndrome. [¶] Dr. Blake Carmichael's testimony about child sexual abuse accommodation syndrome is not evidence that the defendant committed any of the crimes charged against him. [¶] You may consider this evidence only in deciding whether or not Ngan Doe's, Han Doe's and Hang Doe's conduct were not inconsistent with the conduct of someone who has been molested, and in evaluating the believability of their testimony."

California courts repeatedly have upheld CALCRIM No. 1193. (*People v. Ramirez* (2023) 98 Cal.App.5th 175, 219; *People v. Ortiz* (2023) 96 Cal.App.5th 768, 816; *Lapenias*, *supra*, 67 Cal.App.5th at pp. 175-176; *People v. Munch* (2020) 52 Cal.App.5th 464, 474; *Gonzales*, *supra*, 16 Cal.App.5th at p. 504.) As one decision explained, "[a] reasonable juror would understand CALCRIM No. 1193 to mean that the jury can use [CSAAS] testimony to conclude that [a victim witness'] behavior does not mean she lied when she said that she was abused," but the jury "cannot use [the witness's] testimony to conclude that [the witness] was, in fact, molested." (*Gonzales*, *supra*, 16 Cal.App.5th at p. 504.) In other words, jurors understand that under CALCRIM No. 1193 "CSAAS evidence simply neutralizes the victim's apparently self-impeaching behavior." (*Ibid*.)

Tran disagrees. Focusing on the last portion of the instruction, he contends that, by permitting the jury to use CSAAS testimony in "evaluating the believability" of a witness' testimony, CALCRIM No. 1193 erroneously informs jurors that they may use CSAAS testimony as evidence of a defendant's guilt. However, in reviewing jury instructions, appellate courts "presume the jurors understood and followed the instructions" (*Lapenias*, *supra*, 67 Cal.App.5th at p. 180), and therefore appellate courts

4

hold an instruction erroneous only if there is " 'a reasonable likelihood that the jury applied the instruction in an impermissible manner.' " (*People v. Rivera* (2019) 7 Cal.5th 306, 326.) We find no such likelihood here. Before the trial court instructed the jury that Dr. Carmichael's CSAAS testimony may be considered "in evaluating the believability" of the alleged victims' testimony, it admonished the jury that CSAAS testimony is "*not* evidence that the defendant committed any of the crimes charged" and may be considered "*only*" in determining if the alleged victims' conduct was "*not inconsistent* with the conduct of someone who has been molested." (Italics added.) In light of these admonitions, we agree with prior decisions that there is no reasonable likelihood that the jurors understood the trial court's instruction to authorize them to use Dr. Carmichael's testimony as evidence that Tran committed the crimes charged.

*People v. Sanchez* (2016) 63 Cal.4th 665 (*Sanchez*) does not suggest otherwise. In *Sanchez*, the Supreme Court concluded that, when a prosecution expert relates "case-specific out-of-court statements" and "treats the content of those statements as true and accurate to support the expert's opinion," such statements must be either independently proven or covered by a hearsay exception. (*Id*. at p. 686.) In reaching this conclusion, the Court rejected the suggestion that the hearsay and confrontation problems created by an expert's testimony concerning out-of-court statements can be avoided by instructing the jury to not consider those statements for their truth. As the Supreme Court explained, " 'evaluation of the expert requires a direct assessment of the truth of the expert's basis,' " and therefore when an expert expressly relies on out-of-court statements, those statements are "necessarily considered by the jury for their truth." (*Id*. at p. 864.) There is no similar need for a jury to consider whether a defendant "committed any of the crimes charged" in order to evaluate a CSAAS expert's testimony that a witness' conduct was "not inconsistent" with the behavior of someone who has been molested. (CALCRIM No. 1193.) As a consequence, *Sanchez* does not help Tran.

5

Tran also asserts that CALCRIM No. 1193 reduced the prosecution's burden of proof by permitting the jury to use CSAAS testimony to evaluate a complaining witness' credibility. Because Tran fails to support this assertion with any argument or authority, this argument has been forfeited. (See, e.g., *In re Phoenix H.* (2009) 47 Cal.4th 835, 845 [" ' "Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' "].) Tran also asserts that Dr. Carmichael's testimony exceeded the parameters of CSAAS theory because he told the jury that an abuser may "groom" his victim in ways that are not overtly sexual. Because Tran did not raise any such objection at trial, and he failed to support his argument with citations to the record, this argument also has been forfeited. (*People v. Bolin* (1998) 18 Cal.4th 297, 316.)

We conclude that the trial court did not err in instructing the jury on CSAAS.

## B. The Abstract of Judgment

In addition to arguing that his convictions should be vacated because of the instructions given the jury, Tran argues in the alternative the attachment to a minute order dated August 19, 2022 should be corrected because it misstates his sentence. The Attorney General concedes that this attachment is erroneous, and we accept that concession. The trial court orally sentenced Tran to 75 years to life (consecutive to 7 years), and the abstract of judgment correctly reflects this sentence. However, the attachment to the minute order dated August 19, 2022 states that the sentence was for 80—not 75—years to life. Accordingly, we will order the attachment corrected.

### III. DISPOSITION

The judgment is affirmed. The attachment to the minute order dated August 19, 2022 is ordered corrected to reflect that Tran was sentenced to 75 years to life. The trial court is directed to amend the attachment to the minute order accordingly.

6

                                    _____

                                    BROMBERG, J.

WE CONCUR:

_____

GREENWOOD, P. J.

_____

GROVER, J.

*People v. Tran*
H050319